UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOSHUA PARKER #599627 | CIVIL ACTION NO. 17-cv-0465 |
| VERSUS | JUDGE FOOTE |
| DARRYL VANNOY | MAGISTRATE JUDGE HORNSBY |

# J U D G M E N T

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law, it is ordered that Petitioner's petition for writ of habeas corpus is denied and dismissed with prejudice.

The Court also notes that Petitioner raised a new argument in his objections to the Report and Recommendation. For the first time, Petitioner argues that his counsel was ineffective and violated his rights by conceding Petitioner's guilt at trial and arguing for a manslaughter conviction instead of pursuing Petitioner's self-defense claim. [Record Document 17 at 7-8]. The Court rejects this argument for two reasons. First, Petitioner has not exhausted this claim by first presenting it in the state courts. [Record Document 15-9 at 2-45, 181-205]; 28 U.S.C. § (b)(1)(A). Second, Petitioner's claim fails on the merits.

While Petitioner does not cite *McCoy v. Louisiana* to support his claim that it was an error for his counsel to seek a manslaughter conviction instead of arguing that Petitioner was not guilty because he acted in self-defense, the Court will construe it as a *McCoy* claim because the core of Petitioner's claim is the same as *McCoy*—that it was unconstitutional

1

for trial counsel to concede his guilt at trial. *McCoy v. Louisiana*, 138 S. Ct. 1500, 1505 (2018). In *McCoy*, a criminal defendant charged with murdering three individuals pleaded not guilty and "insistently maintained he was out of State at the time of the killings." *McCoy*, 138 S. Ct. at 1506. During the guilt phase of the capital trial, the defendant's counsel conceded the defendant's guilt over the defendant's express objections made on the record. *Id.* at 1506-07. After a jury found the defendant guilty, the lawyer argued that the death penalty was improper due to the defendant's mental illness. *Id.* at 1507. On appeal, the defendant argued that his rights were violated when his lawyer admitted his guilt at trial. *Id.* Ultimately, the Supreme Court held that under the Sixth Amendment, "[w]hen a client expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *Id.* at 1509 (quoting U.S. Const. amend. VI) (emphasis in original).

In this case, Petitioner's trial counsel gave a brief opening statement at trial in which he informed the jury that they could expect to hear evidence "that will mitigate the situation" surrounding the victim's death. [Record Document 15-7 at 101]. In closing arguments, Petitioner's counsel conceded that Petitioner was responsible for the victim's death and argued that a verdict of manslaughter was more appropriate than a conviction for second-degree murder. [Record Document 15-8 at 163-64]. The jury charges included instructions about second-degree murder, manslaughter, negligent homicide, and self-defense. [Record Documents 15-6 at 85-89 and 15-8 at 178-83].

Unlike *McCoy*, Petitioner does not assert that he requested his lawyer to present to the jury that he was fully innocent of the crime. Petitioner only argues that his counsel should have urged the jury to accept the full defense of self-defense instead of accepting the lesser charge of manslaughter. By asserting either of these defenses, Petitioner admits that he killed the victim. This is a critical distinction between the two cases. Petitioner ultimately agreed with his counsel that he should admit to the jury that he killed the victim. The disagreement was only about which defense should be emphasized to the jury in closing arguments. Petitioner's lawyer was allowed to make that decision, especially when the jury was fully instructed on both defenses. *McCoy*, 138 S. Ct. at 1509 ("[Defendant's counsel] could not interfere with [the defendant's] telling the jury 'I was not the murderer,' although counsel could, if consistent with providing effective assistance, focus his own collaboration on urging that [the defendant's] mental state weighed against conviction.").

Similarly, Petitioner's argument that his claim qualifies for the "*Cronic* exception" to *Strickland*'s prejudice requirement fails because his attorney did not admit Petitioner's guilt in such a way that "counsel entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659 (1984). Petitioner's counsel conceded that Petitioner was responsible for the victim's death, like Petitioner wanted to do by arguing self-defense, and focused his attention on challenging whether the prosecution could prove second-degree murder. That Petitioner's counsel chose to focus his closing arguments on manslaughter instead of self-defense does not mean that he fully failed to subject the prosecution's case to adversarial testing.

Finally, Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when

it enters a final order adverse to the applicant.  The Court, after considering the record in this case and the standard set forth in 28 U.S.C. Section 2253, denies a certificate of appealability because the applicant has not made a substantial showing of the denial of a constitutional right.

    THUS DONE AND SIGNED at Shreveport, Louisiana, this the 31st day of March, 2020.

                                        ELIZABETH E. FOOTE
  &nbsn;                                 UNITED STATES DISTRICT JUDGE